UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
WINDWARD BORA LLC,

                     Plaintiff,

            - against -

ROSA BAEZ also known as Rosa M. Baez also
known as Rosa Infante, AMERICAN
EXPRESS CENTURION BANK, CITIBANK,
and CLERK OF THE SUFFOLK COUNTY
TRAFFIC & PARKING VIOLATIONS
AGENCY,

                  Defendants.
-------------------------------------------------------x

**MEMORANDUM & ORDER**
19-CV-5698 (PKC) (SMG)

PAMELA K. CHEN, United States District Judge:

      Plaintiff Windward Bora LLC ("Windward Bora") brings this action against Defendant

Rosa Baez, seeking, *inter alia*, to foreclose on the mortgage encumbering the property located at

55 Poplar Road, Amityville, New York 11701 (the "Subject Property").[1]  (*See* Complaint

("Compl."), Dkt. 1.)  Plaintiff now moves for a default judgment of foreclosure and sale, and seeks

to recover the unpaid principal amount due, all accrued interest, and other costs from Defendant

Baez.  (Dkt. 14.)  For the reasons set forth below, Plaintiff's motion is granted.

---

[1] Defendants American Express Centurion Bank ("AECB"), Citibank, and Clerk of the
Suffolk County Traffic & Parking Violations Agency ("SCTPVA") (collectively, the "Non-
Mortgagor Defendants") are necessary party defendants, because they are judgment creditors who
hold interests and liens on the Subject Property.  (Compl., Dkt. 1, ¶¶ 4–6.)

## BACKGROUND

I.    **Factual Allegations[2]**

On August 7, 2007, Defendant Baez executed and delivered a note to Indymac Bank, F.S.B.

("Indymac") in the principal amount of $115,000 plus interest at a rate of 10.125% per annum (the

"Note"). (Compl., Dkt. 1, ¶ 11; Home Equity Line of Credit, Dkt. 1-1, at ECF[3] 26–37.) Defendant

Baez concurrently executed and delivered a mortgage on the Subject Property (the "Mortgage") to

Indymac to secure payment on the Note. (*See* Compl., Dkt. 1, ¶ 10.) The Mortgage was recorded

with the Suffolk County Clerk's Office on October 3, 2007 in Liber[4] 21614, Page 563. (*Id.*)

On September 22, 2009, the Federal Deposit Insurance Corporation ("FDIC"), as receiver

of Indymac, assigned the Mortgage to the FDIC. (*Id.* ¶ 12.) The FDIC subsequently assigned the

Mortgage to Value Recovery Group, LP on April 11, 2018. (*Id.*) Value Recovery Group, LP then

assigned the Mortgage to Aspen Properties Group, LLC as trustee of APG Holdings Revocable

Trust on April 12, 2018. (*Id.*) Finally, on June 3, 2019, Aspen Properties Group, LLC assigned

the Mortgage to Plaintiff Windward Bora. (*Id.*) Each assignment was duly recorded, except for

the last assignment to Plaintiff. (*Id.*)

---

[2] The Court accepts all well-pleaded factual allegations in the complaint—except those relating to damages—as true, summarizing them here where relevant. *See Nero v. Law Office of Sam Streeter, P.L.L.C.*, 655 F. Supp. 2d 200, 204 (E.D.N.Y. 2009) ("[W]hen the court determines that defendant is in default, the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." (internal quotation marks and citation omitted)). Any citations to the Complaint incorporate by reference the documents cited therein. Where relevant, however, the Court may cite directly to the underlying documents.

[3] Citations to "ECF" refer to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination.

[4] "Liber" means "a book of records, [especially] of deeds," and the Court assumes that the term here refers to the book of real property deeds maintained by the Suffolk County Clerk's Office. *See* Liber, *Black's Law Dictionary* (11th ed. 2019).

Defendant Baez defaulted on the Mortgage and Note by failing to make the monthly payment due on June 20, 2015. (Compl., Dkt. 1, ¶ 15.) On July 10, 2019, Plaintiff mailed Defendant Baez a Default Notice in accordance with the terms of the Mortgage and a 90-day notice as required by New York Real Property Actions and Proceedings Law ("RPAPL") § 1304. (*Id.* ¶ 16.) Defendant Baez has failed to respond to the Default Notice. (*Id.* ¶ 18.)

The Non-Mortgagor Defendants, who are judgment creditors, hold interests in or liens on the Subject Property, which are subordinate to Plaintiff's mortgage. (*Id.* ¶¶ 4–6.)

## II.     Procedural History

On October 9, 2019, Plaintiff commenced this mortgage foreclosure action. (*See generally id.*) On November 25, 2019, the Clerk of Court entered a Certificate of Default against all Defendants. (Dkt. 13.) Plaintiff filed this motion for default judgment of foreclosure and sale on December 18, 2019. (Dkt. 14.) Plaintiff also filed an Affidavit of Service confirming that a copy of its default judgment motion, along with the supporting papers and exhibits, had been served on Defendants via mail on December 18, 2019. (Affidavit of Service, Dkt. 14-7.) To date, Defendants have not filed a response to Plaintiff's motion.

## STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 55(a), the procedure for default judgment against a party who "fails to plead or otherwise defend" in a matter includes two steps: "first, the entry of a default, and second, the entry of a default judgment." *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 128 (2d Cir. 2011) (internal quotation marks and citations omitted). "The first step, entry of a default, formalizes a judicial recognition that a defendant has, through its failure to defend the action, admitted liability to the plaintiff." *Id.* "[A] party's default is deemed to

3

constitute a concession of all well[-]pleaded allegations of liability." *United States v. DiPaolo*, 466 F. Supp. 2d 476, 482 (S.D.N.Y. 2006) (internal quotation marks and citations omitted).

"The second step, entry of a default judgment, converts the defendant's admission of liability into a final judgment that terminates the litigation and awards the plaintiff any relief to which the court decides it is entitled, to the extent permitted by Rule 54(c)."[5] *Mickalis*, 645 F.3d at 128. "[T]he decision to grant a motion for a default judgment lies in the sound discretion of the trial court." *O'Callaghan v. Sifre*, 242 F.R.D. 69, 73 (S.D.N.Y. 2007). Default judgments "track[] the ancient common law axiom that a default is an admission of all well-pleaded allegations against the defaulting party." *Vt. Teddy Bear Co., Inc. v. 1-800 Beargram Co.*, 373 F.3d 241, 246 (2d Cir. 2004) (citation omitted). "However, it is also true that a district court need not agree that the alleged facts constitute a valid cause of action," *Mickalis*, 645 F.3d at 137 (internal quotation marks and citation omitted), and the Court is therefore "required to determine whether [Plaintiff's] allegations establish [Defendants'] liability as a matter of law," *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009).

## DISCUSSION

### I.      Liability

"Under New York law, a plaintiff seeking to foreclose upon a mortgage must demonstrate 'the existence of the mortgage and mortgage note, ownership of the mortgage, and the defendant's default in payment' on the loan secured by the mortgage." *Windward Bora LLC v. Valente*, No. 18-CV-4302 (JS) (SIL), 2019 WL 3872853, at *3 (E.D.N.Y. July 16, 2019) (quoting *Gustavia*

---

[5] Federal Rule of Civil Procedure 54(c) provides that "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings. Every other final judgment should grant the relief to which each party is entitled, even if the party has not demanded that relief in its pleadings." Fed. R. Civ. P. 54(c).

*Home, LLC v. Bent*, 321 F. Supp. 3d 409, 414 (E.D.N.Y. 2018)).  "[O]nce a plaintiff mortgagee in a foreclosure action has established a prima facie case by presenting a note, a mortgage, and proof of default, it has a presumptive right to foreclose that can only be overcome by an affirmative showing by the mortgagor."  *United States v. Watts*, No. 13-CV-3211 (ADS) (WDW), 2014 WL 4275628, at *2 (E.D.N.Y. May 28, 2014) (citations omitted), *report and recommendation adopted*, No. 13-CV-3211 (ADS) (WDW), 2014 WL 4293815 (E.D.N.Y. Aug. 28, 2014).  "Where the plaintiff is the owner of a mortgage through assignment, the assignment is valid even if it has not been recorded."  *Valente*, 2019 WL 3872853, at *3.

Here, Plaintiff, through its Complaint and supporting documents, has established a *prima facie* entitlement to a default judgment against Defendant Baez.  Plaintiff has demonstrated the existence of the Mortgage and the Note.  (*See* Mortgage, Dkt. 1-1, at ECF 4–24; Note, Dkt. 1-1, at ECF 26–37.)  Further, Plaintiff has shown its ownership of the Mortgage by submitting evidence that the Mortgage was transferred, through assignment, from the FDIC to Value Recovery Group, LP, Aspen Properties Group, LLC, and, finally, Windward Bora.  (*See* Compl., Dkt. 1-1, ¶ 12.)  The Note provides that Defendant Baez may be required "to pay the entire outstanding balance in one payment" if Defendant Baez "fail[s] to make a payment as required by [the] Agreement."  (Note, Dkt. 1-1, at ECF 30.)  Plaintiff alleges that Defendant Baez defaulted on the Mortgage and Note by failing to make the monthly payment due on June 20, 2015 and that the default has continued to date.  (Compl., Dkt. 1, ¶ 15.)

Defendant Baez neither answered Windward Bora's Complaint nor opposed the instant motion.  Therefore, she has failed to rebut Plaintiff's *prima facia* case that it is entitled to a default judgment.  Accordingly, Plaintiff's motion for a default judgment of foreclosure and sale is granted.

## II.      Judgment Against Non-Mortgagor Defendants

Plaintiff additionally seeks default judgment against the three Non-Mortgagor Defendants, AECB, Citibank and SCTPVA, each of whom is alleged to hold some interest in or lien on the Subject Property subordinate to Plaintiff's mortgage.  (*Id.* ¶¶ 4–7.)

"Default judgment against non-mortgagor defendants is generally appropriate where the complaint alleges 'nominal liability,' meaning that 'any judgments or liens a defendant may have against the property are subordinate to the plaintiff's lien.'"  *Windward Bora LLC v. Thompson*, No. 18-CV-1811 (NGG) (RML), 2020 WL 1242828, at *5 (E.D.N.Y. Mar. 16, 2020) (citation omitted); *see also E. Sav. Bank, FSB v. Robinson*, No. 13-CV-7308 (ADS) (SIL), 2016 WL 3365091, at *4 (E.D.N.Y. May 9, 2016) ("Courts regularly enter default judgments in foreclosure actions against defendants with 'nominal interests' in the relevant property, including parties holding subordinate liens or non-owner tenants." (collecting cases)), *report and recommendation adopted*, No. 13-CV-7308 (ADS) (SIL), 2016 WL 3102021 (E.D.N.Y. June 2, 2016).  "When a default judgment is entered against a defendant with a 'nominal interest' in a property, any such interest in the relevant property is terminated."  *Robinson*, 2016 WL 3365091, at *4 (citation omitted).

Courts apply a heightened pleading requirement "where a state or city agency is named as a defendant."  *Thompson*, 2020 WL 1242828, at *5 (citations omitted).  "The complaint must allege 'detailed facts showing the particular nature of the interest in or lien on the real property and the reason for making the state or city agency a party-defendant.'"  *Id.* (alterations omitted) (quoting RPAPL §§ 202(1), 202-a(1)).  "If the lien exists 'by virtue of a judgment,' and the defendant is a state agency, the complaint must include 'the name of the court, date recorded, clerk's office in which filed, and names of the parties against whom and in whose favor the

6

judgment was recorded.'"  *Id.* (alteration omitted) (quoting RPAPL § 202(2)).  "If the defendant is a city agency, the complaint must include that same information, as well as 'a brief description of the grounds for or the nature of such judgment.'"  *Id.* (quoting RPAPL § 202-a(2)).

Here, the Court finds that Plaintiff has met the heightened pleading standards with respect to SCTPVA[6] by submitting documentation relating to the lien of $105 held by SCTPVA against the Subject Property.  (*See* Exhibit F, Dkt. 1-1, at ECF 72.)  The attached judgment shows the name of the court, date recorded, and docket number, and identifies SCTPVA and Defendant Baez as the parties.  (*See id.*)  "Title-search documents showing amounts owed to city agencies are sufficient to meet a plaintiff's obligations under [RPAPL] Section 202-a(1)."  *Miss Jones, LLC v. Bisram*, No. 16-CV-7020 (NGG) (SMG), 2018 WL 2074200, at *4 (E.D.N.Y. Feb. 5, 2018) (collecting cases), *report and recommendation adopted*, No. 16-CV-7020 (NGG) (SMG), 2018 WL 2074205 (E.D.N.Y. Feb. 22, 2018); *see also Courchevel 1850 LLC v. Pinto-Bedoya*, No. 16-CV-6716 (NGG), 2017 WL 5157451, at *1 (E.D.N.Y. Nov. 7, 2017) (stating that the plaintiff has met its pleading obligations under section 202-a of RPAPL by attaching "list of citations" that the city agency has issued against the debtor defendant's other properties although "the Complaint's allegations are somewhat sparse" regarding the agency's lien against the subject property), *adopting report and recommendation*, No. 16-CV-6716 (NGG) (RER), 2017 WL 8793381

---

[6] It is unclear whether SCTPVA is a state agency or a city agency for RPAPL purposes. *Cf. Freedom Mortg. Corp. v. Thompson*, No. 18-CV-6594 (JS) (ARL), 2020 WL 1325801, at *2 (E.D.N.Y. Jan. 9, 2020) (not identifying the nature of SCTPVA), *report and recommendation adopted*, No. 18-CV-6594 (JS) (ARL), 2020 WL 1481920 (E.D.N.Y. Mar. 4, 2020); *CIT Bank, N.A. v. Castillo*, No. 17-CV-2132 (DRH) (ARL), 2018 WL 1660738, at *3 (E.D.N.Y. Mar. 8, 2018) (same), *report and recommendation adopted*, No. 17-CV-2132 (DRH) (ARL), 2018 WL 1640591 (E.D.N.Y. Apr. 5, 2018).  Nevertheless, the Court finds that Plaintiff has met the pleading standards under both RPAPL § 202, which applies to state agencies, and § 202-a, which applies to city agencies.

(E.D.N.Y. May 11, 2017).  Therefore, the Court grants the motion for default judgment with respect to Defendant SCTPVA.

Defendants AECB and Citibank are not governmental agencies and are therefore not subject to the heightened standard.  Nonetheless, Plaintiff's documentation similarly establishes that Defendant AECB is a judgment creditor entitled to $3,585.63 against the Subject Property and that Defendant Citibank is entitled to $6,094 against the same.  (*See* Exhibit F, Dkt. 1-1, at ECF 70–71.)  Because Plaintiff has established that any judgments that the Non-Mortgagor Defendants have against the Subject Property are subordinate to the Mortgage, Plaintiff has established the Non-Mortgagor Defendants' "nominal liability" or "nominal interest" in the Subject Property.  *See Robinson*, 2016 WL 3365091, at *4 (finding sufficient plaintiff's allegations that non-mortgagor defendants' judgments against the property "in the amount of $19,397.09 and $1,542.85" were subordinate to the mortgage).

Accordingly, the Court grants Plaintiff's motion for default judgment as to the three Non-Mortgagor Defendants.

## III.   Damages and Remedies

On a motion for default judgment, the Court will not accept as true Plaintiff's factual allegations related to damages.  *J & J Sports Prods., Inc. v. LX Food Grocery Inc.*, No. 15-CV-6505 (NGG) (PK), 2016 WL 6905946, at *2 (E.D.N.Y. Nov. 23, 2016) (citing *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981)).  "The court must be satisfied that Plaintiff has met the burden of proving damages to the court with 'reasonable certainty.'"  *Id.* (quoting *Credit Lyonnais Secs. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999)).  "Although requests for damages are usually established by the plaintiff in an evidentiary hearing, the court can make such a determination without a hearing when supported by sufficiently detailed affidavits and

8

documentary evidence." *Id.* (citing *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997)).

Here, Plaintiff requests $150,370.03 in damages, comprised of: (1) $114,665.23 for the principal amount due on the Note; and (2) $35,704.80 for the total past due interest calculated from May 20, 2015 through November 27, 2019.  (Devico Aff., Dkt. 14-6, ¶¶ 7–10.)  Plaintiff also requests pre- and post-judgment interest.  (Proposed Judgment, Dkt. 14-3, at ECF 3.)  Lastly, Plaintiff seeks reimbursement of additional costs related to the sale of the Subject Property.  (*Id.*)[7] Plaintiff requests that these amounts be paid from the foreclosure and sale of the Subject Property through the appointment of Referee Kevin Snover, Esq., by the Court.  (*Id.* at ECF 2–3.)

## A.    Unpaid Principal Balance and Interest

Pursuant to the terms of the Note, Defendant Baez promised to pay Plaintiff a total of $115,000 in principal.  (*See* Compl., Dkt. 1, ¶ 10; Note, Dkt. 1-1, at ECF 26.)  Pursuant to the Note, Plaintiff may require Defendant Baez "to pay the entire outstanding balance in one payment" if Defendant Baez "fail[s] to make a payment as required by [the] Agreement."  (Note, Dkt. 1-1, at ECF 30.)  In support of the instant motion, Plaintiff has submitted an affidavit by Yonel Devico, the member of Windward Bora, who is "fully familiar with all of the facts and circumstances" underlying this action.  (*See* Devico Aff., Dkt. 14-6, ¶ 1.)  According to Devico, "[a]s of November 27, 2019, the outstanding principal balance [on the Note] [was] $114,665.23."  (*Id.* ¶ 7.)  Therefore, the Court awards $114,665.23 to Plaintiff for the unpaid principal balance on the Note.

According to Devico, at the time of default, the interest rate under the Note was 6.875%.  (*Id.* ¶ 9.)  Applying the interest rate to the unpaid principal balance, interest accrued

---

[7] Plaintiff does not request attorney's fees.  (Weinreb Decl., Dkt. 14-1, ¶ 8.)

at a rate of $21.60 per day.  (*Id.*)  The interest accrued from May 20, 2015, and, as of November 27, 2019, Defendants have failed to pay 1,653 days of accrued interest.  (*Id.*)  The Court therefore awards Plaintiff $35,704.80 for unpaid interest between May 20, 2015 and November 27, 2019.  Additionally, the Court awards Plaintiff *per diem* pre-judgment interest of $21.60, starting from November 28, 2019 until the date on which judgment is entered, and post-judgment interest at the statutory rate under 28 U.S.C. § 1961(a), running from the date judgment is entered until judgment is satisfied.  *See Windward Bora LLC v. Sterling*, No. 18-CV-1727 (DRH) (SIL), 2018 WL 5839797, at *5 (E.D.N.Y. Nov. 8, 2018) (awarding *per diem* pre-judgment interest and post-judgment interest at the statutory rate), *report and recommendation adopted*, No. 18-CV-1727 (DRH) (SIL), 2018 WL 6706311 (E.D.N.Y. Dec. 19, 2018).

### B.    Appointment of Referee and Payment of Fee

Additionally, Plaintiff seeks a judgment of foreclosure and sale of the Subject Property, and seeks the appointment of Kevin Snover, Esq., as Referee to conduct the sale. (Proposed Judgment, Dkt. 14-3, at ECF 1–2.)  Plaintiff requests that the Referee be paid $750 to conduct the sale.  (*Id.* at ECF 3.)

"A plaintiff is entitled to foreclose on a property if it demonstrates the existence of an obligation secured by a mortgage, and a default on that obligation."  *OneWest Bank, N.A. v. Denham*, No. 14-CV-5529 (DRH) (AKT), 2015 WL 5562980, at *14 (E.D.N.Y. Aug. 31, 2015) (internal quotation marks and citation omitted), *report and recommendation adopted*, No. 14-CV-5529 (DRH) (AKT), 2015 WL 5562981 (E.D.N.Y. Sept. 21, 2015).  Moreover, "[c]ourts routinely appoint referees to effectuate the sale of foreclosed properties."  *Valente*, 2019 WL 3872853, at *4 (E.D.N.Y. July 16, 2019) (collecting cases).

Because Plaintiff has established its right to foreclose on the Subject Property due to Defendant Baez's default, the Court will enter a judgment of foreclosure and sale, and appoint Kevin Snover, Esq., as the Referee to conduct the sale.  The Court also finds $750 to be an appropriate fee for the Referee.  *See OneWest Bank, N.A. v. Conklin*, 310 F.R.D. 40, 46 (N.D.N.Y. 2015) (ordering that the referee receive $750 for conducting the sale); *Amerino v. Fasano*, No. 06-CV-3281 (JS), 2008 WL 5378393, at *2 (E.D.N.Y. Dec. 22, 2008) (same). The proceeds of the sale should be applied to the total amount owed on the Note as set forth above.  *See Denham*, 2015 WL 5562980, at *14 (recommending a foreclosure and sale with the proceeds being applied to the outstanding amount owed on the note).

### C.     Other Costs

Finally, Plaintiff asks the Court to award certain other costs from the foreclosure and sale of the Subject Property.  Namely, Plaintiff requests "[t]he expenses of the sale and the advertising expenses as shown on the bills presented to said Referee and certified by [him.]" (Proposed Judgment, Dkt. 14-3, at ECF 3.)  Plaintiff also requests reimbursement of "any sums expended by Plaintiff, for taxes, assessments, water rates and sewer rents, with interest and penalties accrued thereon[.]"  (*Id.*)

"In granting an order of default judgment, courts are not permitted to award damages that exceed what the plaintiff requested in its complaint."  *Windward Bora, LLC v. Castiglione*, No. 18-CV-1766 (LDH) (ST), 2019 WL 2435670, at *5 (E.D.N.Y. Jan. 10, 2019) (citing *Finkel v. Universal Elec. Corp.*, 970 F. Supp. 2d 108, 121 (E.D.N.Y. 2013)).  Plaintiff seeks an award of "the expenses of [the] sale" of the Subject Property in its Complaint (Compl., Dkt. 1, at ECF 7), but does not specifically reference advertising expenses or costs for "taxes, assessments, water rates and sewer rents" (Proposed Judgment, Dkt. 14-3, at ECF 3).  The Court nonetheless finds that "the phrase 'the expenses of the sale' logically includes

11

advertising expenses for the sale" and Plaintiff's other requested costs, and thus awards Plaintiff these expenses. *Castiglione*, 2019 WL 2435670, at *5–6 (citing *E. Sav. Bank, FSB v. Revell*, No. 11-CV-2304 (ENV) (JO), 2013 WL 3187057, at *2 (E.D.N.Y. June 20, 2013); *Bank of Am., N.A. v. PCV ST Owner LP*, No. 10-CV-1178 (AKH), 2010 WL 11485022, at *3 (S.D.N.Y. June 21, 2010); *Wells Fargo Bank, N.A. v. Long Ball Utica, LLC*, No. 14-CV-1197 (MAD), 2015 WL 3649797, at *3 (N.D.N.Y. June 11, 2015)).  Therefore, Plaintiff is entitled to recoup the sale-related expenses it requests.

## CONCLUSION

For the reasons stated above, the Court grants Plaintiff's motion for default judgment.  The Court awards Plaintiff damages consisting of: (1) $114,665.23 for the Unpaid Principal Balance on the Note; (2) $35,704.80 for the total past due interest through November 27, 2019, plus *per diem* interest of $21.60 from November 28, 2019 until judgment is entered, and post-judgment interest at the statutory rate under 28 U.S.C. § 1961(a) from the date judgment is entered until the date judgement is satisfied; and (3) other costs related to the sale of the Subject Property, as specified in Plaintiff's motion.  The Clerk of Court is respectfully directed to enter a judgment of foreclosure and sale, appointing Kevin Snover, Esq., as Referee to effectuate the sale of the Subject Property, and close this case.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: July 24, 2020
      Brooklyn, New York

12