UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
WINDWARD BORA, LLC,

                    Plaintiff,

          - against -

ROSA BAEZ *et al.*,

                    Defendants.
----------------------------------------------------------x

**ORDER GRANTING
PRELIMINARY INJUNCTION**
19-CV-5698 (PKC) (SIL)

PAMELA K. CHEN, United States District Judge:

Windward Bora, LLC ("Plaintiff" or "Windward Bora") brought this action against Rosa Baez ("Defendant" or "Baez") on October 9, 2019. (Compl., Dkt. 1.) Among other things, Windward Bora sought to foreclose on the mortgage encumbering the property located at 55 Poplar Road, Amityville, New York, 11701 (the "Property"), which is Baez's home. (*Id.* ¶¶ 1, 3.) Baez failed to appear. (*See* Order for Default J., Dkt. 15, at 3.) The Clerk of Court entered a certificate of default on November 25, 2019. (Certificate of Default, Dkt. 13.) Windward Bora moved for default judgment, which the Court granted on July 24, 2020, and for judgment of foreclosure and sale, which the Court granted on August 26, 2020. (Pl.'s Mot. for Default J., Dkt. 14; Default J., Dkt. 17; Pl.'s Request for J. of Foreclosure and Sale, Dkt. 18; J. of Foreclosure and Sale, Dkt. 19.[1])

---

[1] The Court amended the judgment of foreclosure and sale on January 15, 2021, to allow the foreclosure sale to take place on the steps outside the Central Islip Courthouse rather than in the lobby due to COVID-19 restrictions and precautions. (*See* Pl.'s Mot. to Alter J., Dkt. 21, at 1; Am. J. of Foreclosure and Sale, Dkt. 23, at 2.)

The foreclosure sale took place on August 18, 2021.[2]  (Referee's Report of Sale, Dkt. 24, at ECF[3] 1.)  Windward Bora purchased the Property for $100.  (*Id.* at ECF 20.)

In or around early 2025, Windward Bora initiated proceedings in the Suffolk County District Court, pursuant to this Court's judgment, to evict Baez (the "State Court Case").  (*See* Decl. of Rosa Baez, Dkt. 26-1, ¶¶ 2, 10 (stating that Windward Bora did not seek to enforce the judgment until late 2024 or early 2025 and providing a case number for the State Court Case that suggests it was filed in 2025: Index No. LT-367-25/BA[4]).)

Then, on August 29, 2025, Baez appeared for the first time in this case and filed a Motion to Vacate the certificate of default, the default judgment, and the amended judgment of foreclosure and sale.  (Def.'s Mot. to Vacate, Dkt. 25.)  The Court ordered Baez to explain when and how she became aware that the Property had been sold in foreclosure and the reason(s) for the delay between the foreclosure sale and her Motion to Vacate.  (09/02/2025 Dkt. Order.)  Baez responded with the requested explanations.  (Def.'s Resp. to 09/02/2025 Dkt. Order, Dkt. 26.)  Baez also filed a letter "requesting clarification from the Court regarding whether a formal Order to Show Cause or a motion is necessary" to stay the State Court Case while this Court considers the Motion to Vacate.  (Def.'s Letter Request for Clarification, Dkt. 27.)  The Court stated that Baez could file a motion, which would have to "demonstrate the Court's authority to stay a landlord-tenant

---

[2] In a previous docket order, the Court mistakenly stated that the Property was sold on August 26, 2020.  (09/02/2025 Dkt. Order.)

[3] Citations to "ECF" refer to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination.

[4] Because the Court was unable to locate a landlord tenant proceeding that corresponded to the case number Baez had provided, the Court ordered Baez to file a brief status report confirming the case number of the State Court Case along with a copy of the docket sheet for the proceeding.  (*See* 10/09/2025 Dkt. Order; 10/15/2025 Dkt. Order.)  Baez filed a letter response, (Def.'s Letter, Dkt. 33), but she did not file a copy of the docket sheet.

proceeding in state court and the justification for doing so." (09/22/2025 Dkt. Order.)

On September 24, 2025, Baez filed a Motion for a Preliminary Injunction to stay the State Court Case while the Court considers her Motion to Vacate. (Def.'s Mot. for Prelim. Inj. ("Def.'s Mot."), Dkt. 28; Def.'s Mem. Supp. Def.'s Mot. ("Def.'s Mem."), Dkt. 28-1.) On October 17, 2025, Windward Bora filed its opposition. (Pl.'s Mem. Opp'n to Def.'s Mot. ("Pl.'s Opp'n"), Dkt. 34.) For the reasons set forth below, the Court grants Defendant's Motion for a Preliminary Injunction.

## DISCUSSION

As a threshold matter, the Court has the power to grant the relief requested. Although the Anti-Injunction Act prohibits federal courts from granting injunctions to stay proceedings in a state court, there are several exceptions: (1) "as expressly authorized by [an] Act of Congress," (2) "where necessary in aid of [the federal court's] jurisdiction," or (3) "to protect or effectuate [the federal court's] judgments." 28 U.S.C. § 2283. As Baez argues, this case presents a circumstance where a stay of the State Court Case is necessary to preserve the Court's jurisdiction over Baez's pending Motion to Vacate. (Def.'s Mem., Dkt. 28-1, at 6–7.) *See Sinisgallo v. Town of Islip Hous. Auth.*, 865 F. Supp. 2d 307, 317–19 (E.D.N.Y. 2012) ("A federal court properly acts 'in aid of its jurisdiction' where enjoining state proceedings is 'necessary to prevent a state court from so interfering with a federal court's consideration or disposition of a case as to seriously impair the federal court's flexibility and authority to decide that case.'" (quoting *Atl. Coast Line R.R. Co. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 295 (1970))). Windward Bora has not argued otherwise. (*See generally* Pl.'s Opp'n, Dkt. 34.)

"[A] preliminary injunction is 'an extraordinary remedy never awarded as of right.'" *Benisek v. Lamone*, 585 U.S. 155, 158 (2018) (per curiam) (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008)); *JTH Tax, LLC v. Agnant*, 62 F.4th 658, 666–67

3

(2d Cir. 2023) (quoting same). A party seeking a preliminary injunction "must establish (1) that it is likely to succeed on the merits, (2) that it is likely to suffer irreparable harm if the injunction is not granted, (3) that the balance of the equities tips in its favor, and (4) that the injunction serves the public interest." *SAM Party of N.Y. v. Kosinski*, 987 F.3d 267, 273–74 (2d Cir. 2021) (citing *Winter*, 555 U.S. at 20).

The irreparable harm requirement must "be satisfied before the other requirements for an injunction can be considered." *State Farm Mut. Auto. Ins. Co. v. Tri-Borough NY Med. Prac. P.C.*, 120 F.4th 59, 80 (2d Cir. 2024) (citing *Kammerling v. Massanari*, 295 F.3d 206, 214 (2d Cir. 2002)). The "threat of eviction and the realistic prospect of homelessness constitute a threat of irreparable harm and satisfy the first prong of the test for preliminary injunctive relief." *Sinisgallo*, 865 F. Supp. 2d at 328 (collecting cases); *see also Melton*, No. 11-BK-70984 (REG), 2011 WL 1600506, at *3 (Bankr. E.D.N.Y. Apr. 27, 2011) (finding that eviction and sale of a debtor's primary property "would cause irreparable harm" where it would force the debtor to find alternate housing and the property could be sold).

Here, Baez states that "[w]ithout a stay, the state proceeding may advance irreversibly" towards her eviction, and that "[e]viction would displace [her] and her paraplegic son, causing profound hardship irremediable by damages." (Def.'s Mem., Dkt. 28-1, at 9 (citation omitted).) Windward Bora responds that Baez's assertion of irreparable harm "rests entirely on attorney argument and speculation, not evidence" and that Baez "has provided no affidavit, declaration, or competent evidence establishing any factual basis for such alleged harm." (Pl.'s Opp'n, Dkt. 34, at 8.)

Windward Bora is incorrect. First, there is no dispute that Windward Bora has initiated eviction proceedings for the Property. (*See* Pl.'s Opp'n to Mot. to Vacate, Dkt. 31, at 10 ("Plaintiff

4

has . . . initiat[ed] eviction proceedings to obtain possession of the Property.").) Second, Baez has submitted a sworn and notarized affidavit confirming that she resides at the Property. (Decl. of Rosa Baez, Dkt. 26-1, ¶¶ 1–2, 6.) Given her claim that the State Court Case may lead to her eviction, the Court finds that Baez has adequately demonstrated that she is likely to suffer irreparable harm if the Motion for a Preliminary Injunction is not granted.

As to the likelihood of success on the merits, Baez has raised a number of arguments, but, most importantly, she has identified potential defects with Windward Bora's service of (1) the pre-foreclosure notice, pursuant to the requirements of Section 1304 of the New York Real Property Actions and Proceedings Law; and (2) the Summons and Complaint in this action, pursuant to the requirements of Rule 4 of the Federal Rules of Civil Procedure. (*See* Def.'s Mem., Dkt. 28-1, at 8; Decl. of David J. Broderick, Dkt. 26, ¶¶ 4, 6–16; Def.'s Mot. to Vacate, Dkt. 25, at ECF 11–13.) The Court notes that it has not yet decided the Motion to Vacate. At this stage of the proceeding, however, the Court has reviewed both parties' arguments and finds that Baez has shown a substantial likelihood of success on the merits.

Finally, the Court finds that the balance of equities and public interest favor a stay in this case. The hardship to Baez if a stay is denied—her potential eviction and an inability to argue her then-mooted Motion to Vacate—outweighs the hardship to Windward Bora if it is not permitted to evict Baez immediately. The Court acknowledges that there is a general public interest in the "finality and enforcement of judgments." (Pl.'s Opp'n, Dkt. 34, at 10); *see also Thai-Lao Lignite (Thailand) Co., Ltd. v. Gov't of Lao People's Democratic Republic*, 864 F.3d 172, 182 (2d Cir. 2017) (explaining that district courts must "strike[] a balance between serving the ends of justice and preserving the finality of judgments" when considering a motion for relief under Rule 60(b) of the Federal Rules of Civil Procedure (quoting *Nemazier v. Baker*, 793 F.2d 58, 61 (2d

5

Cir. 1986))). But that public policy concern is "not typically at issue in a foreclosure action," such as this one, where "decisional law [is] hardly advanced." *LoanCare, LLC v. Ragusa*, No. 19-CV-1714 (JS) (ARL), 2021 WL 1318024, at *2 (E.D.N.Y. Apr. 8, 2021) (quoting *E. Sav. Bank, FSB v. Strez*, 320 F.R.D. 9, 11 (E.D.N.Y. 2017)). Finally, the Court does not agree that "[i]nterfering with the pending state landlord-tenant proceeding would disrupt comity and frustrate judicial economy," (Pl.'s Opp'n, Dkt. 34, at 10), because it is ***this Court's*** judgment that the State Court Case seeks to enforce. While this Court considers whether to vacate its judgment, it must preserve its ability to give effect to its decision.

## CONCLUSION

Accordingly, Defendant's Motion for a Preliminary Injunction is granted.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: October 31, 2025
       Brooklyn, New York